UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANDREW BOGACKI,

Plaintiff,
vs.

ROYAL CARIBBEAN CRUISES, LTD.

Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, ANDREW BOGACKI, by and through undersigned counsel, and sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD., and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, ANDREW BOGACKI (hereinafter "Plaintiff"), is *sui juris*, is a citizen and resident of the state of Florida and was at all times material a fare-paying passenger.

3. Defendant, ROYAL CARIBBEAN CRUISES, LTD., (hereinafter "ROYAL") is a foreign entity with its principal place of business in Miami, Florida.

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1333 because this is a maritime cause of action.

5. At all times material hereto, ROYAL has conducted ongoing, substantial, and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, ROYAL has engaged in the business of operating maritime cruise

- 1 -

vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, ROYAL requires fare-paying passengers like Plaintiff to bring any lawsuit against ROYAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because ROYAL's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to filing this action.

## GENERAL ALLEGATIONS

10. ROYAL owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about October 26, 2021, the Plaintiff was a fare-paying passenger aboard ROYAL's cruise ship ALLURE OF THE SEAS.

12. Plaintiff sustained serious and permanent injury after he slipped and fell while descending a set of unreasonably slippery steps leading from a Jacuzzi on Deck 15 portside.

13. On the aforesaid date, ROYAL owned and/or operated the ALLURE OF THE SEAS (the "vessel").

14. At all times material Plaintiff acted with due care for his own safety.

## COUNT I – NEGLIGENT MAINTENANCE
## OF THE JACUZZI STEPS

15. Plaintiff reavers and realleges paragraphs 1 through 14 as if set forth herein.

16. On or about October 26, 2021, while Plaintiff was descending a set of steps leading from a jacuzzi hot tub on Deck 15 portside, he was caused to slip and fall because of unreasonably slippery steps.

17. The steps lacked sufficient non-slip properties that would deter or prevent passengers like Plaintiff from slipping and falling on the steps and being injured thereby.

18. The slippery nature and condition of the steps would have been well-known to Defendant prior to Plaintiff's incident as alleged based on the nature of the hazard, the length of time the hazard existed and Defendant's use of the steps in the every-day operation and maintenance of the vessel.

19. Prior to the Plaintiff's incident, ROYAL knew or should have known under the exercise of reasonable care that the steps were unreasonably dangerous and hazardous based on the following facts:

    a. The steps were unreasonably slippery when wet, and/or;

    b. The steps were frequently wet by passengers going in and out of the jacuzzi, and/or;

    c. The steps lacked sufficient non-slip properties, and/or;

    d. The steps were frequently used by Defendant's employees in the ordinary maintenance of the area, and/or;

    e. Other passengers had slipped and/or slipped and fallen on the same or substantially similar steps on this vessel and others in its class, and/or;

    f. The steps were unreasonably slippery for a sufficient length of time prior to Plaintiff's incident that Defendant knew or should have known about the unreasonable nature of the steps through the exercise of reasonable care, and/or;

20. Prior to the Plaintiff's incident, ROYAL was or should have been aware through the exercise of reasonable care in the circumstances that maintenance of the passenger steps at the jacuzzi hot tub on Deck 15 Portside caused the steps to be unreasonably slippery and dangerous in the circumstances.

21. In the alternative or in addition hereto, the dangerous and unreasonably slippery condition

of the steps was readily observable and known to Defendant without the necessity of there being prior reported injuries by a passenger because of the nature of hazard as alleged in paragraph nineteen.

22. ROYAL had actual knowledge and/or constructive knowledge of the unreasonably dangerous qualities of the steps as alleged in paragraph nineteen through the actual knowledge and observations of the deck, pool and bar personnel who maintained the steps on a regular basis before Plaintiff boarded the vessel doing various assigned tasks on the deck and pool area before Plaintiff was injured.

23. Despite having actual and/or constructive knowledge that its steps leading from the Patio Pool aft posed an unreasonable hazard due to their lack of sufficient non-slip properties as previously alleged, ROYAL did not change the maintenance or composition of the steps to eliminate the steps from posing a risk of serious harm to passengers like the Plaintiff herein.

24. At all times material, ROYAL either created the dangerous conditions of which Plaintiff complains in paragraph nineteen, and/or the dangerous conditions existed for a sufficient period of time that ROYAL had constructive knowledge of the dangerous conditions, and/or ROYAL had actual knowledge of the dangerous conditions through the ordinary observations of its crewmembers working in the area in the ordinary course of their duties.

25. As a result of the foregoing, the Plaintiff was seriously injured in and about his body and extremities when he was caused to slip and fall while descending a set of unreasonably slippery steps leading from the jacuzzi hot tub on deck 15 portside aboard ROYAL's vessel. As a result of his injuries, including a fractured wrist, Plaintiff has suffered pain, mental and emotional distress, and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and

unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and/or earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from ROYAL for damages, pre-judgment interest and costs.

## COUNT II –NEGLIGENT DESIGN AND CONSTRUCTION

26. Plaintiff reavers and realleges Paragraphs 1-13 as if set forth herein.

27. ROYAL actively participated in the design and construction of ALLURE OF THE SEAS. ROYAL, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the jacuzzi hot tub and steps which caused Plaintiff's injury.

28. ROYAL contracted with design firms to design and construct the steps where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction, and materials used on the steps where Plaintiff was seriously injured.

29. ROYAL was negligent in the design, construction, inspection and approval process of the ship for failing to select, construct and/or design a set of steps leading from a swimming pool which were and are reasonably safe in the circumstances.

30. ROYAL knew or should have known through the exercise of reasonable care in the circumstances that the steps posed a hazard to Plaintiff because they were unreasonably slippery when wet.

31. After installation, ROYAL either became aware or should have become aware that the poor

design, construction, and/or maintenance of the subject steps created a danger to passengers using the steps to exit from the hot tub. ROYAL should have changed the design and/or construction of the subject steps so as to eliminate the unreasonably slippery condition of the steps by adding non-slip properties to the steps.

32. Notwithstanding ROYAL's duty as aforesaid, ROYAL breached its duty by unreasonably:

   a. Failing to properly design the subject steps, and/or;

   b. Failing to properly design the non-slip properties of the subject steps, and/or;

   c. Failing to specify a safe set of steps leading from a swimming pool during the design, construction, inspection and approval process during and after design and construction of the ship which were reasonably safe in the circumstances, and/or;

   d. Choosing and approving a set of steps leading from a pool which was not reasonably safe in the circumstances because it lacked sufficient non-slip properties that would have prevented Plaintiff's injury.

33. As a result of the negligence of the ROYAL as aforesaid, the Plaintiff was injured in and about her body and extremities, suffered serious injuries including a fracture of the left wrist and other injuries and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and/or loss of earning capacity.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from ROYAL for damages, pre-judgment interest and costs.

## COUNT III - NEGLIGENT FAILURE TO WARN

34. Plaintiff reavers and realleges Paragraphs 1-14 as if set forth herein.

35. Plaintiff was seriously injured when he was caused to slip and fall on a set of unreasonably slippery steps leading from the jacuzzi hot tub on Deck 15 portside.

36. ROYAL was aware or should have been aware through the exercise of reasonable care in the circumstances of the danger posed by the unreasonably slippery nature of the subject steps prior to the Plaintiff's incident as a result of ROYAL employees' routine work pool deck and steps prior to Plaintiff's injury and prior to Plaintiff's cruise.

37. The dangerous condition as previously alleged was neither open nor obvious to the Plaintiff as he descended the steps.

38. Notwithstanding the dangerous condition of the steps which was either known to ROYAL or which should have been known to ROYAL through the actual or constructive knowledge of its employees like deck and pool personnel, ROYAL failed to warn Plaintiff of that danger.

39. At all times material, Plaintiff was acting with due care for his own safety.

40. ROYAL failed to use reasonable care in the circumstances by failing to warn Plaintiff of the hazard posed by the unreasonably slippery when wet steps.

41. As a result of the negligence of ROYAL as aforesaid, the Plaintiff was injured in and about his body and extremities, suffered fractured left wrist and other serious injuries, and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and/or earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and

- 8 -

impairments in the future.

WHEREFORE, Plaintiff demands judgment from ROYAL for damages, pre-judgment interest and costs.

DATED this 2ND Day of September, 2022.

                                                              Respectfully submitted

                                                              By: */s/ Paul M. Hoffman, Esq.*
                                                              HOFFMAN LAW FIRM
                                                              Attorney for Plaintiff
                                                              2881 East Oakland Park Blvd.
                                                              Fort Lauderdale, FL 33306
                                                              Email:pmh@paulmhoffmanlaw.com
                                                              Telephone: (954) 707-5040
                                                              FBN: 279897